# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| CURTIS LAMAR CLARK, | :: | HABEAS CORPUS |
| Petitioner, | :: | 28 U.S.C. § 2254 |
| | :: | |
| v. | :: | |
| | :: | |
| GREGORY MCLAUGHLIN, | :: | CIVIL ACTION NO. |
| Respondent, | :: | 1:17-CV-4267-MHC-RGV |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner Curtis Lamar Clark, an inmate at the Macon State Prison in Oglethorpe, Georgia, has filed this 28 U.S.C. § 2254 petition to challenge his November 1, 2000, convictions in the Superior Court of Fulton County. [Doc. 1]. The matter is now before the Court on petitioner's motion for leave to proceed in forma pauperis, [Doc. 2], and for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Rule 4"). A review of petitioner's financial affidavit reveals that he currently has insufficient funds to pay the filing fee. Accordingly, petitioner's motion for leave to proceed in forma pauperis, [Doc. 2], is hereby **GRANTED**. For the reasons that follow, it is **RECOMMENDED** that this action be dismissed under Rule 4.

## I.  DISCUSSION

Under Rule 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."  See also McFarland v. Scott, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when a petition "appears legally insufficient on its face").  The court's power to order summary dismissal of a "legally insufficient" petition is rooted in "the duty of the court [under 28 U.S.C. § 2243] to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."  28 U.S.C. foll. § 2254, Rule 4 Advisory Committee's Note.

Petitioner previously filed a § 2254 petition challenging his November 1, 2000, Fulton County convictions, and the Court denied the petition.  Clark v. McLaughlin, No. 1:11-CV-4486-MHS-RGV (N.D.Ga. Aug. 17, 2012).  The instant petition is therefore successive.  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Because there is no indication in the record that petitioner has obtained such authorization, the Court lacks jurisdiction to consider the merits of

2

the instant petition.  <u>See</u> <u>Burton v. Stewart</u>, 549 U.S. 147, 157 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition since prisoner did not obtain authorization from the court of appeals before filing it).

## II.  CERTIFICATE OF APPEALABILITY

Under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).

3

Where, as here, a habeas petition is denied on procedural grounds without reaching the prisoner's underlying constitutional claim, "a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Jimenez v. Quarterman</u>, 555 U.S. 113, 118 n.3 (2009) (internal quotations marks omitted) (citing <u>Slack</u>, 529 U.S. at 484). Because petitioner cannot show that reasonable jurists could debate the dismissal of this habeas action as impermissibly successive, he should be denied a COA.

## III. CONCLUSION

For the reasons stated, petitioner's motion for leave to proceed <u>in forma pauperis</u>, [Doc. 2], is **GRANTED**, and **IT IS RECOMMENDED** that this federal habeas petition, [Doc. 1], be **DISMISSED** under Rule 4 and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO ORDERED AND RECOMMENDED** this 30th day of OCTOBER, 2017.

<u>Russell G. Vineyard</u>
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)