# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CURTIS LAMAR CLARK, | HABEAS CORPUS |
| | 28 U.S.C. § 2254 |
| Petitioner, | |
| v. | |
| GREGORY MCLAUGHLIN, | CIVIL ACTION FILE |
| Respondent. | NO. 1:17-CV-4267-MHC |

## ORDER

This *pro se* prisoner habeas corpus petition is before the Court on the Magistrate Judge's Final Report and Recommendation ("R&R") [Doc. 6] that the petition be dismissed as impermissively successive. The Order for Service of the R&R [Doc. 7] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order. Within the time period for filing objections, Petitioner filed his objections to the R&R [Doc. 8].

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties

filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" in order to accept the recommendation. FED. R. CIV. P. 72, advisory committee note, 1983 Addition, Subdivision (b). Further, "the district court has broad discretion in reviewing a magistrate judge's report and recommendation" – it "does not abuse its discretion by considering an argument that was not presented to the magistrate judge" and "has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1290-92 (11th Cir. 2009).

Petitioner previously filed a § 2254 petition challenging his November 1, 2000, Fulton County convictions, and the Court denied the petition. Clark v. McLaughlin, No. 1:11-CV-4486-MHS-RGV (N.D. Ga. Aug. 17, 2012). The instant petition is therefore successive, in violation of the Antiterrorism and

Effective Death Penalty Act ("AEDPA"), which provides, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). In his objections, Petitioner merely reasserts the merits of his constitutional claims, which he contends he could not have raised in his initial § 2254 petition. Petitioner, however, does not state that he has sought from the Eleventh Circuit an order authorizing a successive habeas action, as required by AEDPA. The R&R correctly concludes, therefore, that this Court lacks jurisdiction over the instant petition. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition since prisoner did not obtain authorization from the court of appeals before filing it).

Having conducted a careful review of the R&R and Petitioner's objections thereto, the Court finds that the Magistrate Judge's factual and legal conclusions were correct and that Petitioner's objections have no merit. Accordingly, the R&R [Doc. 6] is hereby **APPROVED AND ADOPTED** as the Opinion and Order of this Court. It is hereby **ORDERED** that this action is **DISMISSED** under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts

because it is a successive § 2254 petition and that a Certificate of Appealability is **DENIED**.

The Clerk is directed to close the case.

**IT IS SO ORDERED** this 27th day of November, 2017.

MARK H. COHEN
United States District Judge